**STATE, Plaintiff-Appellee, v. EVANS, Defendant-Appellant.**

Ohio Appeals, Second District, Clarke County.

No. 452.   Decided October 30, 1945.

Glenn E. Detling, Prosecuting Atty., Robert S. Olinger, Asst. Prosecuting Atty., Springfield, for plaintiff-appellee.

James C. Cobb, Springfield, John J. Chester and Raymond A. Phelan, Columbus, for defendant-appellant.

MONTGOMERY, J., of the Fifth Appellate District, sitting by designation.

## OPINION

BY THE COURT:

This is an appeal on questions of law from the Common Pleas Court of Clarke County, Ohio, wherein this appellant was found guilty by a jury of the crime of murder in the first degree without a recommendation of mercy.

The errors assigned are,—

1. Irregularity in the proceedings of the Court, jury and prosecuting attorney by which the defendant was prevented from having a fair trial.

2. The verdict of the jury was not sustained by sufficient evidence and is contrary to law and against the weight of the evidence.

3. The Court erred in overruling the motion of the defendant for a new trial.

We find that assignments or error numbered 2 and 3 are without merit. We have carefully read the entire record in this case and find that there is ample evidence to support the finding of the jury.

We find in the first assignment of error an interesting question which is worthy of our comment. After the jury had retired to deliberate it returned into court with the following inquiry:

"In case the jury decides on No. 2 verdict meaning a recommendation of mercy, is the jury empowered with a recommendation of life sentence without any chance of pardon?"

In answer to this request the Court gave this additional instruction:

"The effect of a recommendation of mercy by you will be to transform the penalty of death, which follows a conviction of murder in the first degree without a recommendation of mercy, to imprisonment for life, with the further provision, however, that a person found guilty shall not be recommended for pardon or parole except upon proof of innocence established beyond a reasonable doubt, but this provision does not take away from the governor of this state his constitutional power to pardon."

The defendant-appellant contends that his rights were substantially, materially and irrevocably prejudiced by this instruction. Counsel for the defendant contends that the jury in this case had in its mind and fully intended to bring in a verdict of murder in the first degree with a recommendation of mercy, but that the Court in calling this jury's attention to the fact that the Governor of the State of Ohio could at any time pardon the defendant, caused the jury to become confused and to abandon their desire to inflict certain life imprisonment and not the extreme penalty.

It is our conclusion that the answer by the trial court to the interrogatory of the jury was complete and proper. We can

conceive of no way that the Court could have answered the question properly without mentioning the power of the Governor of the State. The only other way in which the Court could have answered the question propounded by the jury would have been an answer of "No". This answer would have been even more detrimental to the cause of the defendant than the answer as given by the Court.

For the reasons given the assignments of error are overruled and the judgment is affirmed.

HORNBECK, P. J., MILLER, J., and MONTGOMERY, J., concur.